IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 314-095 |
| | ) | |
| WILLIAM DANFORTH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

Plaintiff, an inmate incarcerated at Coffee Correctional Facility in Nicholls, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983, concerning events alleged to have occurred at Telfair State Prison. Because he is proceeding *in forma pauperis* ("IFP"), Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006).

**I.    SCREENING OF THE COMPLAINT**

   **A.    BACKGROUND**

In his complaint Plaintiff names the following defendants: (1) William Danforth, Warden at Telfair State Prison; (2) Officer McCullough; (3) Officer Brownlee; and (4) the medical staff at Telfair State Prison. (Doc. no. 1, pp. 1, 4.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On May 20, 2014 at approximately 7:00 am, Plaintiff was being escorted to the shower in the segregation unit by Officers McCullough and Brownlee. (Id. at 5.) Upon approaching the shower,

Plaintiff saw a considerable amount of water on the floor. (Id.) The officers placed a towel on the wet spot on the floor and proceeded to place Plaintiff in the shower. (Id.) Upon finishing the shower, Plaintiff was placed back into handcuffs. (Id.) When Plaintiff exited the shower, he stepped on the wet towel, slipped, and fell on the floor. (Id.) Officer McCullough and Brownlee were unable to grab Plaintiff, and Plaintiff cut his arm and leg on a metal piece at the bottom of the shower. (Id.) Plaintiff's back was also injured as a result of the fall and he had to receive stitches. (Id.)

The same day, Plaintiff visited medical where a nurse applied stitches to his arm and leg. (Id. at 6.) Plaintiff also put in a medical slip about his back and received Ibuprofen. (Id.) However, the medical staff never x-rayed Plaintiff or further examined him. (Id.) Plaintiff's stitches were due to be taken out on May 30, 2014 which was not done. (Id.) As a result, Plaintiff had to take out the stitches himself. (Id.) Plaintiff's leg is now swollen with a scar that has scabbed over, and it has been more than two months since Plaintiff received medical attention. (Id.) Plaintiff suffers from an infection and pain in his leg. (Id.)

### B. Leave to Amend Complaint.

Here, Plaintiff's allegations do not allow the Court to conduct a meaningful initial review of his complaint. Plaintiff does not describe his arm, leg, and back injuries in sufficient detail, nor does Plaintiff describe with sufficient facts how each defendant purportedly violated his constitutional rights. For example, in regards to his medical care, Plaintiff only names the medical staff of Telfair State Prison rather than naming actual people and describing in detail the manner in which each such person violated his constitutional rights.

The Court recognizes that Plaintiff is proceeding *pro se* and will therefore give him an opportunity to attempt to cure the pleading deficiencies outlined above by amending his

complaint. Accordingly, the Court hereby **ORDERS** Plaintiff to amend his complaint to include all of his allegations in one document, within twenty-one days of the date of this Order.[1] If Plaintiff wishes to pursue this case, he **MUST** file an amended complaint, which **MUST** be filed in accordance with the following instructions.

## II.    INSTRUCTIONS

The amended complaint must be printed legibly so that the Court may discern Plaintiff's claims, and it will supersede and replace in its entirety the previous pleadings filed by Plaintiff. Krinsk v. SunTrust Banks, Inc., 654 F.3d 1194, 1202 (11th Cir. 2011); Lowery v. Ala. Power Co., 483 F.3d 1184, 1219 (11th Cir. 2007) ("an amended complaint supersedes the initial complaint and becomes the operative pleading in the case"). It must contain a caption that clearly identifies, by name, each individual that Plaintiff is suing in the present lawsuit. Furthermore, the body of Plaintiff's amended complaint must contain sequentially numbered paragraphs containing only one act of misconduct per paragraph. The numbered paragraphs in his amended complaint should include information such as: (i) the alleged act of misconduct; (ii) the date on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; and (iv) where appropriate, the location where the alleged misconduct occurred. While Plaintiff may attach exhibits to his amended complaint, he shall not incorporate them by reference as a means of providing the factual basis for his complaint.[2] Thus, Plaintiff must name the individuals whom he seeks to include as defendants herein in both the

---

[1]The Court **DIRECTS** the **CLERK** to attach a standard form complaint used by *pro se* litigants in the Southern District of Georgia to Plaintiff's copy of this Order, stamped with this case number.

[2]For example, Plaintiff should not simply state, "See attached documents."

3

caption and the body of his amended complaint; he may not rely on the fact that individuals are named in the exhibits attached to his amended complaint as a means of including such persons as defendants to this lawsuit. The Court will not independently examine exhibits that Plaintiff does not specifically reference (by the exhibit's page number) in his amended complaint.

Plaintiff is further cautioned that no portion of any prior complaint shall be incorporated into his amended complaint by reference. Moreover, Plaintiff shall submit only one amended complaint in accordance with the terms of this Order. Therefore, Plaintiff shall state in the single amended complaint filed in accordance with the terms of this Order all claims that he wishes the Court to consider as a basis for awarding the relief sought. Once Plaintiff has complied with the conditions of this Order, the Court will review the amended complaint to determine which, if any, claims are viable and which, if any, defendants should be served with a copy of the amended complaint. If no response is timely received from Plaintiff, the Court will presume that he desires to have this case voluntarily dismissed and will recommend dismissal of this action, without prejudice. Plaintiff is cautioned that while this action is pending, he shall immediately inform this Court of any change of address. Failure to do so will result in dismissal of this case.

SO ORDERED this 27th day of January, 2015, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA